UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
MARK SIMMONS, DESHUN JACKSON, and GARLAND QUINCE,

                      Plaintiffs,

    -against-

METROPOLITAN TRANSPORTATION AUTHORITY, MTA POLICE DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT, CITY OF NEW YORK, P.O. MOHAMAD SALIM, JOHN DOE 1 and JOHN DOE 2,

                      Defendants.
-----------------------------------------------------------------------x

**DOCKET NO.:**

**COMPLAINT**
*Jury Trial Demanded*

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiffs' rights under the First, Fourth, and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended,* codified as 42 U.S.C. § 1983; and pendant claims under the Constitution of the State of New York, Article I, §§ 6, 11, and 12, and the laws of the State of New York.

2. Plaintiffs' rights were violated when defendants, officers of the Metropolitan Transportation Authority/MTA Police Department (MTA) and officers of the New York City Police Department/City of New York (CITY) unconstitutionally and without any legal basis detained, searched, seized, and arrested plaintiffs, who were merely lawful occupants of a parked vehicle. Defendants also unlawfully assaulted, battered, and used excessive force against Plaintiff Mark Simmons. Defendants also maliciously prosecuted criminal actions without probable cause, based upon malice, against Mark Simmons and DeShun Jackson.

3. By reason of defendants' actions, plaintiffs were deprived of their constitutional rights.

4. Plaintiffs seek an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the First, Fourth, and Fourteenth Amendments of the Constitution of the United States.

6. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4), 42 U.S.C. § 1983 and 42 U.S.C. §1988.

7. This Court has supplemental jurisdiction over plaintiffs' claims against defendants under the Constitution and laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

8. Pursuant to New York State General Municipal Law § 50-E, plaintiffs filed timely Notices of Claim with the MTA and CITY on or about September 30, 2024.

9. Plaintiffs Mark Simmons and DeShun Jackson timely Supplemental Notices of Claim as to malicious prosecution claims with the MTA and CITY on or about January 14, 2025.

10. Hearings of Mark Simmons pursuant to General Municipal Law 50-H were completed by defendants.

11. Hearings of DeShun Jackson pursuant to General Municipal Law 50-H were completed by defendants.

12. Hearings of Garland Quince pursuant to General Municipal Law 50-H were completed by defendants.

13. Plaintiffs' claims were not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York.

15. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

16. Plaintiff Mark Simmons is an African-American man, and at all times relevant to this action was a resident of Brooklyn, New York.

17. Plaintiff Deshun Jackson is an African-American man, and at all times relevant to this action was a resident of Brooklyn, New York.

18. Plaintiff Garland Quince is an African-American man, and at all times relevant to this action was a resident of Brooklyn, New York.

19. Defendant Metropolitan Transportation Authority is a public benefit corporation in New York State responsible for public transportation in the New York City metropolitan area.

20. Defendant MTA Police Department is responsible for patrolling and securing Grand Central Terminal, Penn Station, and the infrastructure—including tracks, yards, shops, stations, and railroad crossings—of Metro-North, the LIRR, the Staten Island Railway, and select subway stations throughout the mass transit system of the City of New York.

21. Defendant New York City Police Department is the primary law enforcement agency within New York City.

22. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York and operates the New York City Police Department.

23. Defendants Mohamad Salim, John Doe 1, and John Doe 2 were at all times relevant herein as officers, employees, and agents of MTA and/or CITY. At all times relevant to this action, defendants Mohamad Salim, John Doe 1, and John Doe 2 were acting under color of state law as agents, servants, employees, and police officers of MTA and/or CITY. Defendants Mohamad Salim, John Doe 1, and John Doe 2 were acting for and on behalf of defendants MTA and/or CITY at all times relevant herein, with the power and authority vested in them as officers, agents, and

employees of MTA and/or CITY.

24. Defendants Mohamad Salim, John Doe 1, and John Doe 2 are being sued in their individual capacities.

25. Defendants' acts herein complained of were carried out intentionally, recklessly, and with malice and gross disregard for plaintiffs' rights.

26. The actions of the defendants were motivated by the plaintiffs' race and were part of a pattern of racially discriminatory policing against Black men.

27. Defendant MTA maintained policies, practices, and customs, including adequate training, supervision, and discipline of officers who engage in violations of constitutional rights.

28. Defendant CITY maintained policies, practices, and customs, including adequate, training, supervision, and discipline of officers who engage in violations of constitutional rights.

29. As a direct result of defendants' conduct, plaintiffs suffered damages, including physical injuries, loss of liberty, emotional distress, psychological injury, and legal expenses.

## STATEMENT OF FACTS

30. The incident alleged herein occurred on July 10, 2024 at approximately 3:15 – 3:20 p.m. on E. 44th Street, approximately 1-2 car lengths from its intersection with Madison Avenue, New York, New York, at an approximate address of 341 Madison Avenue, New York, New York.

31. While plaintiffs were the lawful occupants of a parked vehicle at the above-refenced location, defendant officers believed to be P.O. Mohamad Salim and John Doe 1, who is believed to be a Sgt. Doherty Shield 493 of the MTA Special Conditions Unit, approached plaintiffs, and, without probable or reasonable cause, unlawfully detained, searched, seized, and arrested plaintiffs, and racially discriminated against plaintiffs, who were merely lawful occupants of a

parked vehicle.

32. Prior to the arrests, defendants P.O. Mohamad Salim and John Doe 1 assaulted, battered, and otherwise used excessive force and verbal abuse against plaintiff Mark Simmons. An officer believed to be John Doe 2 arrived after plaintiff Mark Simmons was forced to the ground by P.O. Mohamad Salim and John Doe 1 and also assaulted and battered Mr. Simmons.

33. Thereafter, Mr. Simmons was taken to Bellevue Hospital and was detained from July 10, 2024 until approximately July 12, 2024. Mr. Simmons was arraigned in New York County Criminal Court and was charged with assault in the 2nd degree on or about July 12, 2024.

34. Defendants were aware, as is documented by the video of the incident, provided to defendants in the Notices of Claims for all plaintiffs, that plaintiff Mark Simmons did not commit assault in the 2nd degree, or any crime whatsoever. Defendants lacked probable cause, and a criminal proceeding against Mr. Simmons was commenced based upon actual malice towards Mr. Simmons.

35. On October 16, 2024, the criminal proceeding against Mr. Simmons was dismissed.

36. Plaintiff DeShun Jackson was detained on July 10, 2024 for approximately 6 hours.

37. Mr. Jackson was arraigned in New York County Criminal Court and was charged with multiple counts of petit larceny and multiple counts of criminal possession of stolen property in the 5th degree.

38. Defendants were aware that Mr. Jackson did not commit crimes of petit larceny or criminal possession of stolen property at the time they arrested Mr. Jackson. Defendants lacked probable cause, and a criminal proceeding against Mr. Jackson was commenced based upon actual malice towards Mr. Jackson.

39. On November 4, 2024, the criminal proceeding against Mr. Jackson was dismissed.

## FIRST CAUSE OF ACTION

### CLAIM OF DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983 AS TO ALL PLAINTIFFS

40. Plaintiffs, Mark Jackson, DeShun Jackson and Garland Quince, incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

41. Defendants, under color of state law, subjected plaintiffs to the foregoing acts and omissions, thereby depriving plaintiffs of their rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

a. Freedom to engage in protected speech, expression and association;

b. Freedom from unreasonable seizures of their person;

c. Freedom from the use of excessive force by law enforcement officers;

d. The enjoyment of equal protection, privileges and immunities under the laws;

e. Freedom from deprivation of liberty without due process of law;

f. Freedom from the lodging of false charges against him by police officers;

g. Freedom from malicious prosecution by police, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiff's favor.

43. As a result of defendants' deprivation of plaintiffs' constitutional rights, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, mental anguish, lost wages, humiliation and embarrassment, costs and expenses, and were otherwise damaged and injured.

## SECOND CAUSE OF ACTION – 42 USC 1983 VIOLATION – MONELL CLAIM – AS TO ALL PLAINTIFFS

44. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45. Defendants policies, practices and customs, including failure to supervise, train, and discipline its police officers was the moving force behind the 42 USC 1983 violations committed as against all plaintiffs.

46. As a result plaintiff Mark Simmons was deprived of a federal right caused by the defendants, which are municipal entities.

47. As a result, plaintiff DeShun Jackson was deprived of a federal right caused by the defendants, which are municipal entities.

48. As a result, plaintiff Garland Quince was deprived of a federal right caused by the defendants, which are municipal entities.

49. Defendant municipal entities were deliberately indifferent that their actions, in violation of the plaintiffs' constitutional rights, carried a substantial risk of harm, despite awareness that their conduct risked physical injury, psychological injury, and infliction of emotional distress upon plaintiff Mark Simmons, and defendants nevertheless took no reasonable measures to prevent harm to plaintiff.

50. Defendant municipal entities were deliberately indifferent that their actions, in violation of the plaintiffs' constitutional rights, carried a substantial risk of harm, despite awareness that their conduct risked physical injury, psychological injury, and infliction of emotional distress upon plaintiff DeShun Jackson, and defendants nevertheless took no reasonable measures to prevent harm to plaintiff.

51. Defendant municipal entities were deliberately indifferent that their actions, in violation of the plaintiffs' constitutional rights, carried a substantial risk of harm, despite awareness that their conduct risked physical injury, psychological injury, and infliction of emotional distress upon plaintiff Garland Quince, and defendants nevertheless took no reasonable measures to prevent harm to plaintiff.

52. As a result, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, mental anguish, lost wages, humiliation and embarrassment, costs and expenses, and were otherwise damaged and injured.

## THIRD CAUSE OF ACTION

## 42 U.S.C. §1981 CLAIM OF RACIAL DISCRIMINATION BY DEFENDANTS AS TO ALL PLAINTIFFS

53. Plaintiff repeats and realleges the foregoing paragraphs.

54. Defendants discriminated against plaintiffs on the basis of their race in violation of 42 U.S.C. §1981.

55. Plaintiff Mark Simmons was targeted, harassed, subjected to verbal abuse and infliction of emotion distress due to his race.

56. Plaintiff DeShun Jackson was targeted, harassed, subjected to verbal abuse and infliction of emotion distress due to his race.

57. Plaintiff Garland Quince was targeted, harassed, subjected to verbal abuse and infliction of emotion distress due to his race.

58. Plaintiff Mark Simmons was falsely arrested and maliciously prosecuted due to his

race.

59. Plaintiff DeShun Jackson was falsely arrested and maliciously prosecuted due to his race.

60. Plaintiff Mark Simmons was assaulted and battered due to his race.

61. As a result, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, mental anguish, lost wages, humiliation and embarrassment, costs and expenses, and were otherwise damaged and injured.

## FOURTH CAUSE OF ACTION

## ASSAULT AND BATTERY UNDER THE LAWS OF THE STATE OF NEW YORK AS TO PLAINTIFF MARK SIMMONS

62. Plaintiff Mark Simmons incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

63. By the actions described above, defendants did inflict assault and battery upon plaintiff Mark Simmons. The acts and conduct of defendants were the direct and proximate cause of injury and damage to Mr. Simmons and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

64. The conduct of the officer defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as MTA/MTA POLICE officers and/or CITY/NYPD police officers, while they were acting as agents and employees of MTA/MTA POLICE and/or CITY/NYPD, clothed with and/or invoking state power and/or authority.

65. As a result, defendants are liable to plaintiffs pursuant to the state common law doctrine

of *respondeat superior*.

66. As a result, plaintiff Mark Simmons was deprived of his liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, mental anguish, lost wages, humiliation and embarrassment, costs and expenses, and was otherwise damaged and injured.

## FIFTH CAUSE OF ACTION

## FALSE ARREST UNDER THE LAWS OF THE STATE OF NEW YORK AS TO ALL PLAINTIFFS

60. Plaintiffs, Mark Simmons, DeShun Jackson and Garland Quince, incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

61. By the actions described above, defendants caused plaintiff, Mark Simmons, to be falsely arrested and/or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

62. By the actions described above, defendants caused plaintiff, DeShun Jackson, to be falsely arrested and/or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63. By the actions described above, defendants caused plaintiff, Garland Quince, to be

falsely arrested and/or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

64. The conduct of the officer defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as MTA/MTA POLICE officers and/or CITY/NYPD police officers, and/or while they were acting as agents and employees of defendants MTA/MTA POLICE and/or CITY/NYPD, clothed with and/or invoking state power and/or authority.

65. As a result, defendants are liable to Mr. Simmons pursuant to the state common law doctrine of *respondeat superior*.

66. As a result, defendants are liable to Mr. Jackson pursuant to the state common law doctrine of *respondeat superior*.

67. As a result, defendants are liable to Mr. Quince pursuant to the state common law doctrine of *respondeat superior*.

68. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and were otherwise damaged and injured.

### SIXTH CAUSE OF ACTION

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER THE LAWS OF THE STATE OF NEW YORK AS TO ALL PLAINTIFFS

69. Plaintiffs, Mark Simmons, DeShun Jackson and Garland Quince, incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

70. By the actions described above, the officer defendants engaged in extreme and outrageous conduct, causing plaintiff Mark Simmons to fear for his own and other's safety and to suffer ongoing anxiety in the presence or potential presence of the police, intentionally and/or negligently causing severe emotional distress.

71. By the actions described above, the officer defendants engaged in extreme and outrageous conduct, causing plaintiff DeShun Jackson to fear for his own and other's safety and to suffer ongoing anxiety in the presence or potential presence of the police, intentionally and/or negligently causing severe emotional distress.

72. By the actions described above, the officer defendants engaged in extreme and outrageous conduct, causing plaintiff Garland Quince to fear for his own and other's safety and to suffer ongoing anxiety in the presence or potential presence of the police, intentionally and/or negligently causing severe emotional distress.

73. Defendants owed plaintiff Mark Simmons a duty of care to exercise reasonable caution and proportionality in the use of force.

74. Defendants owed plaintiff DeShun Jackson a duty of care to exercise reasonable caution and proportionality in the use of force.

75. Defendants owed plaintiff Garland Quince a duty of care to exercise reasonable caution and proportionality in the use of force.

76. The acts and conduct of the officer defendants were the direct and proximate cause of injury and damage to plaintiff Mark Simmons and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

77. The acts and conduct of the officer defendants were the direct and proximate cause of injury and damage to plaintiff DeShun Jackson and violated his statutory and common law rights

as guaranteed by the laws and Constitution of the State of New York.

78. The acts and conduct of the officer defendants were the direct and proximate cause of injury and damage to plaintiff Garland Quince and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

79. The conduct of the officer defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as MTA/MTA POLICE officers and/or CITY/NYPD police officers, and/or while they were acting as agents and employees of defendant MTA/MTA POLICE and/or CITY/NYPD, clothed with and/or invoking state power and/or authority.

80. As a result, defendants are liable to Mr. Simmons pursuant to the state common law doctrine of *respondeat superior*.

81. As a result, defendants are liable to Mr. Jackson pursuant to the state common law doctrine of *respondeat superior*.

82. As a result, defendants are liable to Mr. Quince pursuant to the state common law doctrine of *respondeat superior*.

83. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and were otherwise damaged and injured.

## SEVENTH CAUSE OF ACTION

## NEGLIGENCE UNDER THE LAWS OF THE STATE OF NEW YORK AS TO ALL PLAINTIFFS

84. Plaintiffs, Mark Simmons, DeShun Jackson and Garland Quince, incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

85. Defendants owed plaintiff Mark Simmons a duty of care to exercise reasonable caution and proportionality in the use of force.

86. Defendants owed plaintiff DeShun Jackson a duty of care to exercise reasonable caution and proportionality in the use of force.

87. Defendants owed plaintiff Garland Quince a duty of care to exercise reasonable caution and proportionality in the use of force.

88. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to Mr. Simmons. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to Mr. Simmons and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

89. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to Mr. Jackson. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to Mr. Jackson and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

90. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to Mr. Quince. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to Mr. Quince and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

91. The conduct of the officer defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as MTA/MTA POLICE officers and/or CITY/NYPD police officers, while they were acting as agents and employees of defendant MTA/MTA POLICE and/or CITY/NYPD, clothed with and/or invoking state power and/or authority.

92. As a result, defendants are liable to plaintiff Mark Simmons pursuant to the state common law doctrine of *respondeat superior*.

93. As a result, defendants are liable to plaintiff DeShun Jackson pursuant to the state common law doctrine of *respondeat superior*.

94. As a result, defendants are liable to plaintiff Garland Quince pursuant to the state common law doctrine of *respondeat superior*.

95. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and were otherwise damaged and injured.

### EIGHTH CAUSE OF ACTION

**NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION, AND TRAINING UNDER THE LAWS OF THE STATE OF NEW YORK AS TO ALL PLAINTIFFS**

95. Plaintiffs, Mark Simmons, DeShun Jackson and Garland Quince, incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

96. Defendants negligently hired, screened, retained, supervised, and trained the subject MTA/MTA police officers and/or CITY/NYPD police officers.

97. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff Mark Simmons and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

98. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff DeShun Jackson and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

99. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff Garland Quince and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

100. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and were otherwise damaged and injured.

## NINTH CAUSE OF ACTION

## MALICIOUS PROSECUTION UNDER THE LAWS OF THE STATE OF NEW YORK AS TO PLAINTIFFS MARK SIMMONS AND DESHUN JACKSON

101. Plaintiffs, Mark Simmons and DeShun Jackson, incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

102. Defendants lacked probable cause to initiate criminal proceedings for assault in the second degree against Mr. Simmons.

103. Defendants lacked probable cause to initiate criminal proceedings for multiple counts of petit larceny and multiple counts of criminal possession of stole property in the 5th degree against Mr. Jackson.

104. Defendants acted with malice in initiating criminal proceedings against Mr. Simmons.

105. Defendants acted with malice in initiating criminal proceedings against Mr. Jackson.

106. Defendants were directly and actively involved in the continuation of criminal

proceedings against Mr. Simmons.

107. Defendants were directly and actively involved in the continuation of criminal proceedings against Mr. Jackson.

109. Defendants lacked probable cause to continue criminal proceedings against Mr. Simmons.

110. Defendants lacked probable cause to continue criminal proceedings against Mr. Jackson.

111. Defendants acted with malice in continuing criminal proceedings against Mr. Simmons.

112. Defendants acted with malice in continuing criminal proceedings against Mr. Jackson.

113. Notwithstanding defendants' misconduct, the criminal proceedings against Mr. Simmons was favorably terminated.

114. Notwithstanding defendants' misconduct, the criminal proceedings against Mr. Jackson was favorably terminated.

115. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and were otherwise damaged and injured.

## TENTH CAUSE OF ACTION

### ILLEGAL SEARCH AND SEIZURE UNDER THE LAWS OF THE STATE OF NEW YORK AND U.S. CONSTITUTION AS TO ALL PLAINTIFFS

116. Plaintiffs, Mark Simmons, DeShun Jackson and Garland Quince, incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

117. Defendants unlawfully stopped, searched and seized plaintiff Mark Simmons in violation of his Fourth and Fourteenth Amendment Rights and the laws of the State of New York.

118. Defendants unlawfully stopped, searched and seized plaintiff DeShun Jackson in violation of his Fourth and Fourteenth Amendment Rights and the laws of the State of New York.

119. Defendants unlawfully stopped, searched and seized plaintiff Garland Quince in violation of his Fourth and Fourteenth Amendment Rights and the laws of the State of New York.

120. Defendants acted without reasonable cause suspicion, or a warrant as to Mr. Simmons.

121. Defendants acted without reasonable cause suspicion, or a warrant as to Mr. Jackson.

122. Defendants acted without reasonable cause suspicion, or a warrant as to Mr. Quince.

123. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and were otherwise damaged and injured.

## JURY DEMAND

124. Plaintiffs demand a trial by jury in this action on each and every one of their damage claims.

WHEREFORE, plaintiffs demands judgment against the defendants individually and jointly and pray for relief as follows:

a. That they be awarded compensatory damages for violations of their constitutional rights, pain and suffering, mental anguish, and humiliation; and

b. That they be awarded punitive damages against the individual defendants; and

c. That they be awarded reasonable attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated: New York, New York
      June 2, 2025

Respectfully submitted,

By: _____
David Zwerin
*Attorney for the Plaintiffs*
111 Broadway, Suite 810
New York, New York 10006
t: (212) 668-6000