UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

MARK SIMMONS, DESHUN JACKSON, and GARLAND
QUINCE,

                          Plaintiffs,

-against-

METROPOLITAN TRANSPORTATION AUTHORITY, MTA
POLICE DEPARTMENT, NEW YORK CITY POLICE
DEPARTMENT, CITY OF NEW YORK, P.O. MOHAMAD
SALIM, JOHN DOE 1 and JOHN DOE 2,

                          Defendants.

_____

Docket No.: 1:25-CV-05621

**AMENDED
COMPLAINT**

Plaintiffs, by their attorneys, HILL & MOIN LLP, as and for their Verified Complaint, respectfully allege, upon information and belief:

## PRELIMINARY STATEMENT

1.     This is a civil rights action brought to vindicate plaintiffs' rights under the First, Fourth, and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended,* codified as 42 U.S.C. § 1983; and pendant claims under the Constitution of the State of New York, Article I, §§ 6, 11, and 12, and the laws of the State of New York.

2.     Plaintiffs' rights were violated when defendants, officers of the Metropolitan Transportation Authority/MTA Police Department (MTA) and officers of the New York City Police Department/City of New York (CITY) unconstitutionally and without any legal basis detained, searched, seized, and arrested plaintiffs, who were merely lawful occupants of a parked vehicle. Defendants also unlawfully assaulted, battered, and used excessive force against Plaintiff Mark

Simmons. Defendants also maliciously prosecuted criminal actions without probable cause, based upon malice, against Mark Simmons and DeShun Jackson.

      3.     By reason of defendants' actions, plaintiffs were deprived of their constitutional rights.

      4.     Plaintiffs seek an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

      5.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the First, Fourth, and Fourteenth Amendments of the Constitution of the United States.

      6.     This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4), 42 U.S.C. § 1983 and 42 U.S.C. §1988.

      7.     This Court has supplemental jurisdiction over plaintiffs' claims against defendants under the Constitution and laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

      8.     Venue is proper pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York.

      9.     An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

      10.     Within ninety (90) days of the occurrence herein, a notice of claim in writing was served on behalf of plaintiffs MARK SIMMONS, GARLAND QUINCE and DESHUN JACKSON, served upon the METROPOLITAN TRANSPORATATION AUTHORITY, MTA POLICE DEPARTMENT, CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT in accordance with Section 50-e of the General Municipal Law.

11.     Within ninety (90) days of the dismissal of the criminal charges filed against MARK SIMMONS, Mr. Simmons filed a notice of claim in writing that was served on his behalf, alleging a claim for malicious prosecution, served upon the METROPOLITAN TRANSPORATATION AUTHORITY, MTA POLICE DEPARTMENT, CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT in accordance with Section 50-e of the General Municipal Law.

12.     Within ninety (90) days of the dismissal of the criminal charges filed against DESHUN JACKSON, Mr. Jackson filed a notice of claim in writing that was served on his behalf, alleging a claim for malicious prosecution, served upon the METROPOLITAN TRANSPORATATION AUTHORITY, MTA POLICE DEPARTMENT, CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT in accordance with Section 50-e of the General Municipal Law.

13.     Prior to the commencement of this action, notice of the intention of plaintiffs to commence an action, unless the claim presented was adjusted within the prescribed time as set forth by applicable law to adjust such claims, was served on behalf of plaintiff upon METROPOLITAN TRANSPORATATION AUTHORITY, MTA POLICE DEPARTMENT, CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

14.     Although more than thirty (30) days have elapsed since service of such notice of claim, the METROPOLITAN TRANSPORATION AUTHORITY, MTA POLICE, CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT neglected and refused to pay said claim or adjust same.

15.    Prior to commencement of this action, plaintiff MARK SIMMONS appeared for a 50-h hearing conducted by counsel for the City of New York and New York City Police Department.

16.    Prior to commencement of this action, plaintiff MARK SIMMONS appeared for a 50-h hearing conducted by counsel for the METROPOLITAN TRANSPORTATION AUTHORITY and MTA POLICE.

17.    Prior to commencement of this action, plaintiff GARLAND QUINCE appeared for a 50-h hearing conducted by counsel for the City of New York and New York City Police Department.

18.    Prior to commencement of this action, plaintiff GARLAND QUINCE appeared for a 50-h hearing conducted by counsel for the METROPOLITAN TRANSPORTATION AUTHORITY and MTA POLICE.

19.    Prior to commencement of this action, plaintiff DESHUN JACKSON appeared for a 50-h hearing conducted by counsel for the City of New York and New York City Police Department.

20.    Prior to commencement of this action, plaintiff DESHUN JACKSON appeared for a 50-h hearing conducted by counsel for the METROPOLITAN TRANSPORTATION AUTHORITY and MTA POLICE.

21.    This action is commenced within one (1) year and ninety (90) days from July 10, 2024, the date of the incident set forth herein.

## PARTIES

22.     Plaintiff MARK SIMMONS is an African-American male, and at all times relevant to this action was a resident of Brooklyn, New York.

23.     Plaintiff DESHUN JACKSON is an African-American male, and at all times relevant to this action was a resident of Brooklyn, New York.

24.     Plaintiff GARLAND QUINCE is an African-American male, and at all times relevant to this action was a resident of Brooklyn, New York.

25.     Defendant METROPOLITAN TRANSPORTATION AUTHORITY is a public benefit corporation in New York State responsible for public transportation in the New York City metropolitan area.

26.     Defendant MTA POLICE DEPARTMENT is responsible for patrolling and securing Grand Central Terminal, Penn Station, and the infrastructure—including tracks, yards, shops, stations, and railroad crossings—of Metro-North, the LIRR, the Staten Island Railway, and select subway stations throughout the mass transit system of the City of New York.

27.     Defendant NEW YORK CITY POLICE DEPARTMENT is the primary law enforcement agency within New York City.

28.     Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York and operates the New York City Police Department.

29.     Defendants MOHAMAD SALIM, JOHN DOE 1, and JOHN DOE 2 were at all times relevant herein as officers, employees, and agents of defendants.

30.    At all times relevant to this action, defendants MOHAMAD SALIM, JOHN DOE 1, and JOHN DOE 2 were acting under color of state law as agents, servants, employees, and police officers of defendants.

31.    At at all times relevant, defendants MOHAMAD SALIM, JOHN DOE 1, and JOHN DOE 2 were acting for and on behalf of defendants, with the power and authority vested in them as officers, agents, and employees of defendants.

32.    Defendants MOHAMAD SALIM, JOHN DOE 1, and JOHN DOE 2 are being sued in their individual capacities.

33.    Defendants' acts herein complained of were carried out intentionally, recklessly, and with malice and gross disregard for plaintiffs' rights.

34.    The actions of the defendants were motivated by the plaintiffs' race and were part of a pattern of racially discriminatory policing against Black men.

35.    As a direct result of defendants' conduct, plaintiffs suffered damages, including physical injuries, loss of liberty, emotional distress, psychological injury, and legal expenses.

## STATEMENT OF FACTS

36.    The incident alleged herein occurred on July 10, 2024 at approximately 3:15 – 3:20 p.m. on E. 44th Street, approximately 1-2 car lengths from its intersection with Madison Avenue, New York, New York, at an approximate address of 341 Madison Avenue, New York, New York.

37.    At that time, plaintiffs were the occupants of a vehicle parked at the above-refenced location when defendant officers, believed to be P.O. MOHAMAD SALIM and JOHN DOE 1, who is himself believed to be a Sgt. Doherty Shield 493 of the MTA Special Conditions Unit and/or

the NYPD, approached plaintiffs, and, without probable or reasonable cause, unlawfully detained, searched, seized, and arrested plaintiffs, and racially discriminated against plaintiffs, who were merely lawful occupants of a parked vehicle.

38.    None of the police officers involved in this incident were African-American.

39.    All three of the plaintiffs were African-American.

40.    Immediately prior to the subject incident, the three plaintiffs were en route to a basketball game in Manhattan. They had committed no crimes on this trip, and the defendant officers had probable cause or reasonable suspicion to believe they had committed any crimes on this day or any other day.

41.    When the defendant officers initially approached Mr. Simmon's idling vehicle, the defendant officers informed Mr. Simmons that his vehicle was idling in an MTA Parking spot.

42.    Mr. Simmons offered to immediately drive away but the defendant officers refused to let Mr. Simmons or his passengers drive away.

43.    The defendant officers failed to provide Mr. Simmons or the plaintiff passengers with any explanation why they were being detained.

44.    The defendant officers demanded the plaintiffs provide identification, and the plaintiffs complied.

45.    The defendant officers then ordered Mr. Simmons to step out of his vehicle or else they will "drag him out."

46.    Mr. Simmons established that he had already provided the officers his ID, and they had failed to provide any reason why he was being detained.

47.    Mr. Simmons called 911 to report the defendant officers' unlawful conduct.

7

48.     The defendant officers then proceeded to unlawfully pat down Mr. Simmons in the absence of probable cause or even reasonable suspicion that he had committed a crime.

49.     The defendant officers ordered Mr. Simmons to proceed towards the back of his vehicle, and he complied.

50.     As Mr. Simmons continued to peaceably communicate the incident to the 911 operator, the defendant officers impermissibly escalated the incident.

51.     The defendant officers attempted to rip a cigarette and lighter out of Mr. Simmons' hand and twist his hand to force his compliance.

52.     Defendant officers then impermissibly threw Mr. Simmons to the ground and repeatedly punched him in the face and otherwise used impermissible, excessive force, battered and assaulted Mr. Simmons body on the ground while the defendant officers restrained and handcuffed Mr. Simmons.

53.     Further officers believed to be employed by the MTA/MTA Police or NYPD arrived and also used impermissible and excessive force and otherwise assaulted and battered Mr. Simmons' restrained body.

54.     As Mr. Simmons was being attacked by the defendant officers, he repeatedly yelled "over parking?".

55.     As Mr. Simmons was being attacked by the defendant officers, he begged them to stop punching them but they did not.

56.     As Mr. Simmons was being attacked by the defendant officers, he begged them to get off him because he could not breathe, but they refused.

57.     At no time during the officers' improper use of excessive force against Mr. Simmons did they ever explain why he was being restrained and attacked.

58.     At no time during the officers' improper use of excessive force against Mr. Simmons did the defendant officers ever explain they had probable cause to believe Mr. Simmons had committed a crime.

59.     Mr. Simmons lost consciousness as a result of the attack of the defendant officers.

60.     The above-referenced incident was captured on video by a good Samaritan.

61.     The video attached herein in the hyperlink is a fair and accurate depiction of the subject incident: Incident Video.mp4

62.     The above-referenced video was disclosed to counsel for the MTA and City of New York defendants prior to commencement of this action.

63.     Immediately following the subject incident, plaintiff MARK SIMMONS was arrested, taken to Bellevue Hospital for treatment, and thereafter detained from July 10, 2024 until approximately July 12, 2024.

64.     Following the incident, GARLAND QUINCE was falsely arrested and detained on July 10, 2024 for several hours, but was not criminally charged.

65.     Plaintiff MARK SIMMONS was arraigned in New York County Criminal Court and was charged with assault in the 2nd degree on or about July 12, 2024.

66.     Defendants were aware, as is documented by the video of the incident, provided to defendants in the Notices of Claims for all plaintiffs, that plaintiff MARK SIMMONS did not commit assault in the 2nd degree, or any crime whatsoever.

67.     Defendants lacked probable cause, and a criminal proceeding against plaintiff MARK SIMMONS was commenced based upon actual malice and racial animus towards plaintiff MARK SIMMONS.

68.     On October 16, 2024, the criminal proceeding against plaintiff MARK SIMMONS was dismissed due to the prosecution's failure to present evidence.

69.     Plaintiff DESHUN JACKSON was arrested and detained on July 10, 2024 for approximately 6 hours.

70.     Plaintiff DESHUN JACKSON was arraigned in New York County Criminal Court and was charged with multiple counts of petit larceny and multiple counts of criminal possession of stolen property in the 5th degree.

71.     Defendants were aware that plaintiff DESHUN JACKSON did not commit crimes of petit larceny or criminal possession of stolen property at the time they arrested plaintiff DESHUN JACKSON. Defendants lacked probable cause, and a criminal proceeding against plaintiff DESHUN JACKSON was commenced based upon actual malice towards and racial animus towards plaintiff DESHUN JACKSON.

72.     On November 4, 2024, the criminal proceeding against plaintiff DESHUN JACKSON was dismissed due to the prosecution's failure to provide evidence.

## FIRST CAUSE OF ACTION
### CLAIM OF DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983 AS TO ALL PLAINTIFFS

73.     Plaintiffs, MARK SIMMONS, DESHUN JACKSON AND GARLAND QUINCE incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

74.    Defendant P.O. Mohamad Salim and John Doe 1 and John Doe 2 intended to confine the plaintiffs who were simply idling on the curb, about to proceed to a basketball game, and the defendants refused to let them leave even though they had no probable cause to believe they had committed any violation of the penal law.

75.    Nevertheless, P.O. Mohamad Salim and John Doe 1 and John Doe 2 detained all three plaintiffs, assaulted and battered MARK SIMMONS, arrested all three plaintiffs, and maliciously prosecuted MARK SIMMONS and GARLAND QUINCE without probable cause they had committed any violation of the law.

76.    Plaintiff MARK SIMMONS was conscious he was being confined.

77.    Plaintiff GARLAND QUINCE was conscious he was being confined.

78.    Plaintiff DESHUN JACKSON was conscious he was being confined.

79.    Plaintiff MARK SIMMONS did not consent to the confinement.

80.    PLAINTIFF GARLAND QUINCE did not consent to the confinement.

81.    PLAINTIFF DESHUN JACKSON did not consent to the confirnement.

82.    As defendant P.O. Mohamad Salim and John Doe 1 and John Doe 2 lacked any probable cause to believe MARK SIMMONS had committed a violation of the penal law, their confinement of Mr. Simmons was not otherwise privileged.

83.    As defendant P.O. Mohamad Salim and John Doe 1 and John Doe 2 lacked any probable cause to believe GARLAND QUINCE had committed a violation of the penal law, their confinement of Mr. Simmons was not otherwise privileged.

84.     As defendant P.O. Mohamad Salim and John Doe 1 and John Doe 2 lacked any probable cause to believe DESHUN JACKSON had committed a violation of the penal law, their confinement of Mr. Simmons was not otherwise privileged.

85.     As a result of defendants' deprivation of plaintiffs' constitutional rights, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, mental anguish, lost wages, humiliation and embarrassment, costs and expenses, and were otherwise damaged and injured.

### SECOND CAUSE OF ACTION – 42 USC 1983 VIOLATION – MONELL CLAIM – AS TO ALL PLAINTIFFS

86.     Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

87.     The MTA, MTA Police, City of New York and New York City Police Department knew to a moral certainty that their officers would make reasonable suspicion and probable cause determinations, seize and arrest individuals, and transmit evidence to prosecutors.

88.     The defendant officers, P.O. Mohamad Salim and John Doe 1 and John Doe 2 were presented were presented with a choice of whether to question, detain, or arrest the plaintiff that would have been made less difficult with appropriate training or supervision.

89.     Defendant officers, P.O. Mohamad Salim, John Doe 1 and John Doe 2 had a history of mishandling similar situations.

90.     Although it was clear that defendant officers, P.O. Mohamad Salim, John Doe 1 and John Doe 2 had no reasonable suspicion or probable cause to detain or arrest the plaintiffs,

nor did they have justification to use excessive force in arresting Mr. Simmons, the officers were incentivized to detain, assault, batter, search, seize, arrest and prosecute the plaintiffs.

91.     The MTA, MTA Police, City of New York and New York City Police Department were aware that such inappropriate detentions, assaults, battery, searches, seizures, arrests and prosecution of innocent citizens, particularly African American males, would cause a deprivation of their rights under the U.S. Constitution.

92.     The MTA, MTA Police, City of New York and New York City Police Department should have provided appropriate training, supervision and resources to the defendant officers, P.O. Mohamad Salim, John Doe 1 and John Doe 2.

93.     The MTA, MTA Police, City of New York and New York City Police Department failed to properly train, supervise and allocate appropriate resources to the defendant officers, P.O. Mohamad Salim, John Doe 1 and John Doe 2, even though they knew the officers misconduct would likely deprive the innocent victims such as the plaintiffs of their rights under the U.S. Constitution.

94.     As a result plaintiff Mark Simmons was deprived of a federal right caused by the defendants, which are municipal entities.

95.     As a result, plaintiff DeShun Jackson was deprived of a federal right caused by the defendants, which are municipal entities.

96.     As a result, plaintiff Garland Quince was deprived of a federal right caused by the defendants, which are municipal entities.

97.     Defendant municipal entities were deliberately indifferent that their actions, in violation of the plaintiffs' constitutional rights, carried a substantial risk of harm, despite

awareness that their conduct risked physical injury, psychological injury, and infliction of emotional distress upon plaintiff Mark Simmons, and defendants nevertheless took no reasonable measures to prevent harm to plaintiff.

98.    Defendant municipal entities were deliberately indifferent that their actions, in violation of the plaintiffs' constitutional rights, carried a substantial risk of harm, despite awareness that their conduct risked physical injury, psychological injury, and infliction of emotional distress upon plaintiff DeShun Jackson, and defendants nevertheless took no reasonable measures to prevent harm to plaintiff.

99.    Defendant municipal entities were deliberately indifferent that their actions, in violation of the plaintiffs' constitutional rights, carried a substantial risk of harm, despite awareness that their conduct risked physical injury, psychological injury, and infliction of emotional distress upon plaintiff Garland Quince, and defendants nevertheless took no reasonable measures to prevent harm to plaintiff.

100.    As a result, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, mental anguish, lost wages, humiliation and embarrassment, costs and expenses, and were otherwise damaged and injured.


**THIRD CAUSE OF ACTION**
**ASSAULT AND BATTERY UNDER THE LAWS OF THE STATE OF NEW YORK AS TO PLAINTIFF MARK SIMMONS**

101.    Plaintiff MARK SIMMONS incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

102. The defendants intentionally engaged in physical conduct that placed Mr. Simmons in imminent apprehension of immediate, harmful or offensive contact.

103. Mr. Simmons was apprehensive of immediate, harmful or offensive contact because he was an African American male being detained by two non-African American males purporting to be police officers, who would not explain why he was being detained. Furthermore, the defendant officers unlawfully forced him from his vehicle without probable cause or reasonable suspicion, unlawfully patted him down without probable cause or reasonable suspicion, and then attempted to rip a cigarette and lighter from his hand before the moment he was battered.

104. Mr. Simmons' apprehension was reasonable under the circumstances, as moments later the defendants battered Mr. Simmons' body with excessive and unnecessary force.

105. As described above, and as shown in the video, the defendants made intentional bodily contact with Mr. Simmons that was offensive in nature and made without Mr. Simmons' content.

106. The intentional bodily contact made by defendants was wrongful under all circumstances.

107. By the actions described above, defendants did inflict assault and battery upon plaintiff MARK SIMMONS. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff SIMMONS and violated his statutory and common law rights as guaranteed by the laws of the State of New York.

108. The conduct of the defendant officers alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as MTA/MTA POLICE officers and/or CITY/NYPD police officers, while they were acting as agents

15

and employees of MTA/MTA POLICE and/or CITY/NYPD, clothed with and/or invoking state power and/or authority.

109.    As a result, defendants are liable to plaintiffs pursuant to the state common law doctrine of *respondeat superior*.

110.    As a result of defendants' actions, plaintiff MARK SIMMONS was deprived of his liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, mental anguish, lost wages, humiliation and embarrassment, costs and expenses, and was otherwise damaged and injured.

### FOURTH CAUSE OF ACTION
### FALSE ARREST UNDER THE LAWS OF THE STATE OF NEW YORK AS TO ALL PLAINTIFFS

111.    Plaintiffs, MARK SIMMONS, DESHUN JACKSON and GARLAND QUINCE, incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

112.    Defendants intended to confine MARK SIMMONS

113.    Defendants were conscious of their confinement of MARK SIMMONS

114.    MARK SIMMONS did not consent to the confinement.

115.    The confinement of GARLAND QUINCE was not privileged under the law.

116.    By the actions described above, defendants caused plaintiff, MARK SIMMONS, to be intentionally confined, falsely arrested and/or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.

117.   The acts and conduct of the defendants were the direct and proximate cause of injury and damage to MARK SIMMONS and violated his statutory and common law rights as guaranteed by the laws of the State of New York.

118.   Defendants intended to confine GARLAND QUINCE

119.   Defendants were conscious of their confinement of GARLAND QUINCE

120.   GARLAND QUINCE did not consent to the confinement.

121.   The confinement of GARLAND QUINCE was not privileged under the law.

122.   By the actions described above, defendants caused plaintiff, GARLAND QUINCE, to be intentionally confined, falsely arrested and/or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.

123.   The acts and conduct of the defendants were the direct and proximate cause of injury and damage to GARLAND QUINCE and violated his statutory and common law rights as guaranteed by the laws of the State of New York.

124.   Defendants intended to confine DESHUN JACKSON

125.   Defendants were conscious of their confinement of DESHUN JACKSON

126.   DESHUN JACKSON did not consent to the confinement.

127.   The confinement of DESHUN JACKSON was not privileged under the law.

128.   By the actions described above, defendants caused plaintiff, DESHUN JACKSON, to be intentionally confined, falsely arrested and/or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.

17

129.    The acts and conduct of the defendants were the direct and proximate cause of injury and damage to DESHUN JACKSON and violated his statutory and common law rights as guaranteed by the laws of the State of New York.

130.    The conduct of the officer defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as MTA/MTA POLICE officers and/or CITY/NYPD police officers, and/or while they were acting as agents and employees of defendants MTA/MTA POLICE and/or CITY/NYPD, clothed with and/or invoking state power and/or authority.

131.    As a result, defendants are liable to plaintiff SIMMONS pursuant to the state common law doctrine of *respondeat superior.*

132.    As a result, defendants are liable to plaintiff JACKSON pursuant to the state common law doctrine of *respondeat superior.*

133.    As a result, defendants are liable to plaintiff QUINCE pursuant to the state common law doctrine of *respondeat superior.*

134.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and were otherwise damaged and injured.

## FIFTH CAUSE OF ACTION
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## UNDER THE LAWS OF THE STATE OF NEW YORK AS TO ALL PLAINTIFFS

135.    Plaintiffs, MARK SIMMONS, DESHUN JACKSON and GARLAND QUINCE, incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

18

136.    Defendants owed a direct duty of care to MARK SIMMONS to exercise reasonable caution and proportionality in the use of force.

137.    Defendants intentionally and/or negligently breached that duty to MARK SIMMONS

138.    Defendants' breach of their duty to MARK SIMMONS resulted in injury and damage to plaintiff MARK SIMMONS and violated his statutory and common law rights as guaranteed by the laws of the State of New York.

139.    By the actions described above, defendants engaged in extreme and outrageous conduct, causing plaintiff MARK SIMMONS to fear for his own and other's safety and to suffer ongoing anxiety in the presence or potential presence of the police, intentionally and/or negligently causing severe emotional distress.

140.    Defendants owed a direct duty to follow the law and grant GARLAND QUINCE his constitutional rights.

141.    Defendants intentionally and/or negligently breached that duty to GARLAND QUINCE

142.    Defendants' breach of their duty to GARLAND QUINCE resulted in injury and damage to plaintiff GARLAND QUINCE and violated his statutory and common law rights as guaranteed by the laws of the State of New York.

143.    By the actions described above, defendants engaged in extreme and outrageous conduct, causing plaintiff GARLAND QUINCE to fear for his own and other's safety and to suffer ongoing anxiety in the presence or potential presence of the police, intentionally and/or negligently causing severe emotional distress.

144.    Defendants owed a direct duty to follow the law and grant DESHUN JACKSON his constitutional rights.

145.    Defendants intentionally and/or negligently breached that duty to DESHUN JACKSON

146.    Defendants' breach of their duty to DESHUN JACKSON resulted in injury and damage to plaintiff DESHUN JACKSON and violated his statutory and common law rights as guaranteed by the laws of the State of New York.

147.    By the actions described above, defendants engaged in extreme and outrageous conduct, causing plaintiff DESHUN JACKSON to fear for his own and other's safety and to suffer ongoing anxiety in the presence or potential presence of the police, intentionally and/or negligently causing severe emotional distress.

148.    The conduct of the officer defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as MTA/MTA POLICE officers and/or CITY/NYPD police officers, and/or while they were acting as agents and employees of defendant MTA/MTA POLICE and/or CITY/NYPD, clothed with and/or invoking state power and/or authority.

149.    As a result, defendants are liable to plaintiff SIMMONS pursuant to the state common law doctrine of *respondeat superior.*

150.    As a result, defendants are liable to plaintiff JACKSON pursuant to the state common law doctrine of *respondeat superior.*

151.    As a result, defendants are liable to plaintiff QUINCE pursuant to the state common law doctrine of *respondeat superior.*

152.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and were otherwise damaged and injured.

## SIXTH CAUSE OF ACTION
## NEGLIGENCE UNDER THE LAWS OF THE STATE OF NEW YORK AS TO ALL PLAINTIFFS

153.    Plaintiffs, MARK SIMMONS, DESHUN JACKSON AND GARLAND QUINCE, incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

154.    Defendants owed plaintiff MARK SIMMONS a duty of care to exercise reasonable caution and proportionality in the use of force.

155.    Defendants owed plaintiff DESHUN JACKSON a duty of care to exercise reasonable caution and proportionality in the use of force.

156.    Defendants owed plaintiff GARLAND QUINCE a duty of care to exercise reasonable caution and proportionality in the use of force.

157.    The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiff SIMMONS. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to plaintiff SIMMONS and violated his statutory and common law rights as guaranteed by the laws of the State of New York.

158.    The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiff JACKSON. The acts and conduct of the individual defendants

were the direct and proximate cause of injury and damage to plaintiff JACKSON and violated his statutory and common law rights as guaranteed by the laws of the State of New York.

159.    The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiff QUINCE. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to plaintiff QUINCE and violated his statutory and common law rights as guaranteed by the laws of the State of New York.

160.    The conduct of the officer defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as MTA/MTA POLICE officers and/or CITY/NYPD police officers, while they were acting as agents and employees of defendant MTA/MTA POLICE and/or CITY/NYPD, clothed with and/or invoking state power and/or authority.

161.    As a result, defendants are liable to plaintiff MARK SIMMONS pursuant to the state common law doctrine of *respondeat superior*.

162.    As a result, defendants are liable to plaintiff DESHUN JACKSON pursuant to the state common law doctrine of *respondeat superior*.

163.    As a result, defendants are liable to plaintiff GARLAND QUINCE pursuant to the state common law doctrine of *respondeat superior*.

164.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and were otherwise damaged and injured.

## SEVENTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION, AND TRAINING UNDER THE LAWS OF THE STATE OF NEW YORK AS TO ALL PLAINTIFFS

165.    Plaintiffs, MARK SIMMONS, DESHUN JACKSON and GARLAND QUINCE, incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

166.    The defendant officers were employees of the MTA/MTA Police and/or City/NYPD.

167.    Defendants knew or should have known that the defendant officers had the propensity to engage in the outrageous conduct described herein, including but not limited to the detention of the plaintiff civilians without probable cause or reasonable suspicion, the assault and battery with excessive force of MARK SIMMONS, the unlawful arrest of all plaintiffs, the false arrest of all plaintiffs, and the malicious prosecution of MARK SIMMONS AND DESHUN JACKSON.

168.    Defendants negligently hired, screened, retained, supervised, and trained the subject MTA/MTA police officers and/or CITY/NYPD police officers.

169.    Due to the defendants' negligent hiring, screening, retention, supervision and training of the defendant officers, MARK SIMMONS was caused to suffer direct and proximate physical, emotional and psychological injury and his statutory and common law rights as guaranteed by the state of New York were violated.

170.    Due to the defendants negligent hiring, screening, retention, supervision and training of the defendant officers, GARLAND QUINCE was caused to suffer direct and proximate

23

emotional and psychological injury and his statutory and common law rights as guaranteed by the state of New York were violated.

171.    Due to the defendants' negligent hiring, screening, retention, supervision and training of the defendant officers, DESHUN JACKSON was caused to suffer direct and proximate emotional and psychological injury and his statutory and common law rights as guaranteed by the state of New York were violated.

172.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and were otherwise damaged and injured.

## EIGHTH CAUSE OF ACTION
### MALICIOUS PROSECUTION UNDER THE LAWS OF THE STATE OF NEW YORK AS TO PLAINTIFFS MARK SIMMONS AND DESHUN JACKSON

173.    Plaintiffs, MARK SIMMONS and DESHUN JACKSON, incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

174.    Defendants initiated and continued a judicial proceeding against plaintiff MARK SIMMONS alleging he committed assault in the second degree.

175.    The criminal proceeding filed against MARK SIMMONS was favorably terminated by judicial dismissal of the charges due to failure to provide supporting evidence to support the charges.

176.    Defendants lacked probable cause to initiate criminal proceedings for assault in the second degree against plaintiff MARK SIMMONS.

177.    Defendants initiated and continued the criminal proceeding against MARK SIMMONS due to actual malice, improper motive and ill intent.

178.    Defendants initiated and continued a judicial proceeding against plaintiff DESHUN JACKSON alleging multiple counts of petit larceny and multiple counts of criminal possession of stolen property in the 5th degree.

179.    The criminal proceeding filed against DESHUN JACKSON was favorably terminated by judicial dismissal of the charges due to failure to provide supporting evidence to support the charges.

180.    Defendants lacked probable cause to initiate criminal proceedings for multiple counts of petit larceny and multiple counts of criminal possession of stolen property in the 5th degree against plaintiff DESHUN JACKSON.

181.    Defendants initiated and continued the criminal proceeding against DESHUN JACKSON due to actual malice, improper motive and ill intent.

182.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and were otherwise damaged and injured.

### NINTH CAUSE OF ACTION
### ILLEGAL SEARCH AND SEIZURE UNDER THE LAWS OF THE STATE OF NEW YORK AS TO ALL PLAINTIFFS

183.    Plaintiffs, MARK SIMMONS, DESHUN JACKSON and GARLAND QUINCE, incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

184.    Defendants unlawfully stopped, searched and seized the person and property of MARK SIMMONS in violation of the laws of the State of New York.

185.   The search and seizure of the person and property of MARK SIMMONS was conducted without probable cause or the existence of a valid warrant.

186.   The search and seizure of the person and property of MARK SIMMONS violated his rights under the New York State Constitution.

187.   As a result of the improper search and seizure of the person and property, MARK SIMMONS suffered direct physical, emotional and psychological injuries and distress.

188.   MARK SIMMONS had a reasonable expectation of privacy in his person and property at the time of the unlawful search and seizure.

189.   Defendants unlawfully stopped, searched and seized the person and property of GARLAND QUINCE in violation of the laws of the State of New York.

190.   The search and seizure of the person and property of GARLAND QUINCE was conducted without probable cause or the existence of a valid warrant.

191.   The search and seizure of the person and property of GARLAND QUINCE violated his rights under the New York State Constitution.

192.   As a result of the improper search and seizure of the person and property, GARLAND QUINCE suffered direct physical, emotional and psychological injuries and distress.

193.   GARLAND QUINCE had a reasonable expectation of privacy in his person and property at the time of the unlawful search and seizure.

194.   Defendants unlawfully stopped, searched and seized the person and property of DESHUN JACKSON in violation of the laws of the State of New York.

195.   The search and seizure of the person and property of DESHUN JACKSON was conducted without probable cause or the existence of a valid warrant.

196.    The search and seizure of the person and property of DESHUN JACKSON violated his rights under the New York State Constitution.

197.    As a result of the improper search and seizure of the person and property, DESHUN JACKSON suffered direct physical, emotional and psychological injuries and distress.

198.    DESHUN JACKSON had a reasonable expectation of privacy in his person and property at the time of the unlawful search and seizure.

199.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and were otherwise damaged and injured.

## JURY DEMAND

200. Plaintiffs demand a trial by jury in this action on each and every one of their damage claims.

WHEREFORE, plaintiffs demands judgment against the defendants individually and jointly and pray for relief as follows:

a. That they be awarded compensatory damages for violations of their constitutional rights, pain and suffering, mental anguish, and humiliation; and

b. That they be awarded punitive damages against the individual defendants; and

c. That they be awarded reasonable attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated: New York, New York
      October 31, 2025

                Respectfully submitted,

                **By: David Zwerin**
                **HILL & MOIN LLP**
                Attorneys for Plaintiff
                111 Broadway
                Suite 810
                New York, New York 10006
                (212) 668-6000