**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**MARK SIMMONS, DESHUN JACKSON, and, GARLAND QUINCE**

**Plaintiffs,**

**-against-**

**METROPOLITAN TRANSPORATION AUTHORITY, MTA POLICE DEPARTMENT, CITY OF NEW YORK, P.O. MOHAMAD SALIM, JOHN DOE 1 and JOHN DOE 2,**

**Defendants.**

**25-cv-05621 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, United States District Judge:**

Plaintiffs Mark Simmons, Deshun Jackson, and Garland Quince ("Plaintiffs") bring this civil rights action against officers of the Metropolitan Transportation Authority ("MTA"), Metropolitan Transit Authority Police Department ("MTAPD"), the City of New York, officers of the New York City Police Department ("NYPD"), Police Officer Mohamad Salim, John Doe 1, and John Doe 2 (collectively "Defendants"). All Plaintiffs allege a deprivation of rights under 42 U.S.C. Sec. 1983; a *Monell* claim; false arrest, intentional and negligent infliction of emotional distress; negligence; negligent hiring, screening, retention, supervision, and training; and illegal search and seizure. Plaintiff Mark Simmons alleges assault and battery and malicious prosecution. Plaintiff Deshun Jackson also alleges malicious prosecution. Defendant City of New York moves to dismiss Plaintiff's Amended Complaint. For the reasons stated herein, Defendant's motion to dismiss the complaint is **DENIED in part and GRANTED in part**.

**BACKGROUND**

## I. Procedural Background

Plaintiffs filed the Complaint in this case on July 8, 2025. ECF No. 1. On October 31, 2025, Plaintiffs filed the Amended Complaint. ECF No. 22. On December 2, 2025, the Defendant City of New York filed a motion to dismiss the Amended Complaint. ECF No. 30. On December 24, 2025, Plaintiffs filed their Opposition. ECF No. 33. On January 12, 2026, Defendant filed a Reply. ECF No. 34. On April 20, 2026, the Plaintiffs re-filed the Amended Complaint with a functioning URL to the video of the alleged incident. ECF No. 42.

## II. Factual Background[1]

On July 10, 2024, Plaintiffs, who were all African American males, were on their way to a basketball game in Manhattan in a vehicle driven by Plaintiff Mark Simmons. First Amended Complaint ("FAC") ¶ 40. Plaintiff Simmons parked the vehicle at the approximate address of 341 Madison Avenue, New York, New York. *Id.* ¶ 36. At approximately 3:15-3:20 p.m., Defendants, believed to be Officer Mohamad Salim and John Doe 1, approached the vehicle and informed Simmons that his vehicle was idling in an MTA parking spot. *Id.* ¶ 37. Simmons agreed to immediately drive away, but Defendants refused to let Simmons or his passengers drive away. *Id.* ¶¶ 41-42.

Defendants demanded that the Plaintiffs provide identification, which Plaintiffs did. *Id.* ¶ 44. Defendants then ordered Simmons to step out of his vehicle or else they would "drag him out." *Id.* ¶ 45. Defendants did not explain to Simmons why he was being detained. *Id.* ¶ 46. Defendants proceeded to pat down Simmons as he called 911 to report the officers' conduct. *Id.* ¶ 47. Defendants ordered Simmons to walk to the back of his vehicle, which he did, and then attempted to rip a cigarette and lighter out of Simmons' hand and twist his hand to force

[1] As required under Rule 12(b)(6), the Court accepts all allegations of fact as true.

compliance. *Id.* ¶¶ 48-51. Defendants then threw Simmons to the ground and repeatedly punched him in the face while they restrained and handcuffed him. *Id.* ¶ 52. As this all took place, Simmons repeatedly yelled "over parking?", begged the Defendants to stop punching and to get off him because he could not breathe. *Id.* ¶¶ 54-56. Defendants did not explain to Simmons that they had probable cause to believe he had committed a crime. *Id.* ¶ 58. Simmons also lost consciousness during this encounter. *Id.* ¶ 59. After the incident, Simmons was taken to Bellevue Hospital and thereafter detained from July 10, 2024 until July 12, 2024. *Id.* ¶ 63. Plaintiff Simmons was charged with assault in the second degree and arraigned in New York County Criminal Court. *Id*. ¶ 65. Defendants lacked probable cause to charge Simmons. *Id*. ¶ 67. The charge was dismissed on October 16, 2024. *Id.* ¶ 68.

Plaintiff Garland Quince was falsely arrested and detained on July 10, 2024 for several hours but was not criminally charged. *Id.* ¶ 64.

Plaintiff Deshun Jackson was also falsely arrested and charged with multiple counts of petit larceny and multiple counts of criminal possession of stolen property in the fifth degree. *Id.* ¶¶ 69-70. Defendants lacked probable cause to charge Jackson. *Id.* ¶ 71. These charges were dismissed on November 4, 2024. *Id.* ¶ 72.

## LEGAL STANDARD

When considering a 12(b)(6) motion, a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement of relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficiently factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2 1059, 1067 (2d Cir. 1985). A reviewing court ought not dismiss a complaint where "enough facts to state a claim to relief that is plausible on its face" have been plead." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Federal and state officials are generally shielded from money damages through qualified immunity. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Thus, to survive a motion to dismiss, the plaintiff must plead "facts showing that the official violated a statutory or constitutional right, and that the right was clearly established at the time of the challenged conduct." *Id.* (internal citations omitted) (internal quotations omitted). Likewise, municipalities are not liable on a respondeat superior basis. "A municipality can be found liable… only where the municipality itself causes the constitutional violation at issue… It is only when the execution of the government's policy or custom… inflicts the injury that the municipality may be held liable." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (internal citations omitted) (internal quotation omitted). "[I]n exceptional circumstances a governmental entity may have a constitutional obligation to provide protection, either because of a special relationship with an individual, or because the governmental entity itself has created or increased the danger to the individual." *Hirsch v. City of New York*, 751 Fed. Appx. 111, 114 (2d. Cir. 2018). "Monell [liability]… does not provide a separate cause of action; it extends liability to a municipal organization when that organization's failure to train or supervise, or the policies and customs that it has sanctioned, led to an independent constitutional violation." *Id.* at 115.

In addition to the factual allegations in the complaint, the Court may consider "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted). "Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." *Phillips v. City of New York*, No. 21-CV-08149 (ALC), 2024 WL 4307923, at *2 (S.D.N.Y. Sept. 26, 2024). Even if not incorporated by reference, a document "'upon which [the complaint] solely relies and which is integral to the complaint' may be considered by the court." *Id*. (quoting *Cortec Inductries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)). "To be incorporated by reference, the complaint must make a clear, definite, and substantial reference to the documents, and to be integral to the complaint, the plaintiff must have (1) actual notice of the extraneous information and (2) relied upon the documents in framing the complaint." *Dunkelberger v. Dunkelberger*, No. 14-CV-3877, 2015 WL 5730605, at *5 (S.D.N.Y. Sept. 30, 2015) (alterations and citation omitted). "[A] plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Courts in this district have emphasized "that extraneous videos documenting the events in question are not properly considered on a motion to dismiss unless the plaintiff relied upon the videos when drafting the complaint." *Ashley v. Gonzalez*, No. 19-CV-6282 (AJN), 2020 WL 7027501, at *2 (S.D.N.Y. Nov. 30, 2020) (refusing to consider surveillance videos as there was no basis to conclude the videos were incorporated, integral, or essential to the complaint).

**DISCUSSION**

**I. Claims Under §1983**

Section 1983 imposes liability on individuals acting "under color of state law" who deprive people "of any rights, privileges, or immunities secured by the Constitution and laws." *Torraco v. Port Auth. of New York & New Jersey*, 615 F.3d 129, 136 (2d Cir. 2010). State law violations are not cognizable under Section 1983. *See Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985). To state a Section 1983 claim against an individual defendant, a plaintiff must allege "personal involvement of a defendant in the purported ... deprivation." *Anderson v. County of Nassau*, No. 15-CV-5351 (JMA) (AYS), 2018 WL 1597399, at *6 (E.D.N.Y. Mar. 31, 2018).

Defendant City of New York argues that Plaintiffs' §1983 claims fail because Plaintiffs have failed to allege personal involvement of NYPD. This is not true because Plaintiffs have alleged that they were falsely detained by officers believed to be of the NYPD. Am. Compl. at 6. "Courts have rejected the dismissal of suits against unnamed defendants described by roles, *see Murphy v. Kellar,* 950 F.2d 290, 293 (5th Cir.1992); *Smith–Bey v. Hospital Administrator,* 841 F.2d 751, 759 (7th Cir.1988), defendants identified only as "John Doe's," *see Munz v. Parr,* 758 F.2d 1254, 1257 (8th Cir.1985); *Gillespie v. Civiletti,* 629 F.2d 637, 643 (9th Cir.1980), or an institutional defendant, *see Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 & n. 3 (7th Cir.1996); *Berndt v. Tennessee*, 796 F.2d 879, 882 (6th Cir.1986); *Wilger v. Department of Pensions & Security,* 593 F.2d 12, 13 (5th Cir.1979), until the plaintiff has had some opportunity for discovery to learn the identities of responsible officials." *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998). Because Plaintiffs relied on the video that they included in the Amended Complaint when drafting it, the Court will consider the video. The video that Plaintiffs attached to the Amended Complaint shows multiple officers converging upon Plaintiffs in a span of a couple of minutes. The initial two officers who detain Plaintiff Simmons are in plainclothes,

meaning they were not wearing uniforms from a particular agency or department. The Court finds that Plaintiffs have sufficiently pleaded allegations of NYPD involvement.

Defendant City of New York provides no arguments that any of the Plaintiffs fail to make out the federal claims of false arrest, illegal search and seizure, or malicious prosecution. The Court will briefly analyze these three claims.

**A. False Arrest**

To establish a claim for false arrest, Plaintiff must show that the Officers "intentionally confined him without his consent and without justification." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004). "Because probable cause to arrest constitutes justification, there can be no claim for false arrest where the arresting officer had probable cause to arrest the plaintiff." *Id.*

Probable cause exists where an arresting officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). A "thorough" or "probing" investigation into the facts leading to an arrest is not required unless the officers have reason to doubt those facts. *Id*. Likewise, officers need not consider whether "subsequent prosecution of the arrestee" will succeed to satisfy the probable cause standard. *Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir. 1989).

Here, taken as true from the FAC, the Plaintiffs had not committed a crime for which Defendant had probable cause to arrest at the time of the alleged incident. Therefore, the Court finds that Plaintiffs' false arrest claims survive.

**B. Illegal Search and Seizure**

Plaintiffs allege that Defendant searched and seized their person and property without probable cause or the existence of a valid warrant. The Fourth Amendment acknowledges "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "[A] Fourth Amendment search occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable." *United States v. Lambis*, 197 F. Supp. 3d 606, 609 (S.D.N.Y. 2016) (quoting *Kyllo v. United States*, 533 U.S. 27, 33, 121 S.Ct. 2038, 150 L.Ed.2d 94 (1985)). "The Government also conducts a search within the meaning of the Fourth Amendment when it physically intrudes or trespasses upon an individual's 'person[ ], house[ ], papers, [or] effects' for the purpose of obtaining information." *El-Nahal v. Yassky*, 993 F. Supp. 2d 460, 467 (S.D.N.Y. 2014), *aff'd*, 835 F.3d 248 (2d Cir. 2016) (alterations in original) (quoting *United States v. Jones*, 565 U.S. 400, 404, 132 S.Ct. 945, 181 L.Ed.2d 911 (2012)). "Under the Constitution, warrantless searches are per se unreasonable, unless they fall within one of a limited number of exceptions." *Evans v. Solomon*, 681 F. Supp. 2d 233, 246 (E.D.N.Y. 2010) (internal citations omitted). A search incident to a lawful arrest "constitutes an exception to the [Fourth Amendment's] warrant requirement." *Riley v. California*, 573 U.S. 373, 382, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014). Thus, "where police officers have probable cause to effect a custodial arrest, they may search the suspect without a warrant incident to that arrest." *United States v. Herron*, 18 F. Supp. 3d 214, 223 (E.D.N.Y. 2014) (internal citations omitted).

Here, because Plaintiff also alleges a false arrest claim, at this stage, the Court will allow the illegal search and seizure claim to survive, especially because Defendant has not directly contested it.

**C. Malicious Prosecution**

To prevail on a malicious prosecution claim, a plaintiff must show: "(i) the commencement or continuation of a criminal proceeding against her; (ii) the termination of the proceeding in her favor; (iii) that there was no probable cause for the proceeding; and (iv) that the proceeding was instituted with malice." *Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016).

Plaintiffs Simmons and Jackson both allege malicious prosecution, specifically alleging that Simmons was charged with assault in the second degree and that Jackson was charged with petit larceny and criminal possession of stolen property in the fifth degree. The criminal cases against Simmons and Jackson were dismissed. As already stated, at this stage, the officers appeared to not have had probable cause. Plaintiffs' malicious prosecution claims survive.

## II. Plaintiffs Fail to State a Claim Under *Monell*

"A plaintiff may assert a *Monell* claim under § 1983 when the execution of a municipality's policies or customs are the cause of a constitutional deprivation." *Villafana v. City of New York*, No. 24-CV-7446 (FB) (JAM), 2026 WL 2030104 (E.D.N.Y. July 14, 2026), at *3 (citing *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). *Monell* "extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). "[A] plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). Inadequate police training can serve as the basis for § 1983 liability only where the failure to train amounts to "deliberate indifference" to

the rights of persons with whom the police come into contact. *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

Defendant City argues that Plaintiffs fail to state a claim under *Monell* because Plaintiffs have not “identified with any specificity the alleged policy or practice at play” and make conclusory allegations. Courts have held that a policy, custom, or practice giving rise to a municipal entity’s liability may be inferred where a municipal entity fails to train its employees as to display deliberate indifference of Plaintiffs’ constitutional rights. *See Dzwoncyzk v. Syracuse City Police Dep’t*, 710 F. Supp. 2d 248, 269-270 (N.D.N.Y. 2008). This is a stringent standard. In order to adequately plead deliberate indifference, a plaintiff must establish that the City “had notice of a potentially serious problem of unconstitutional conduct, such that the need for corrective action or supervision was obvious, and the policymaker's failure to investigate or rectify the situation evidences deliberate indifference, rather than mere negligence or bureaucratic inaction.” *Greene v. City of New York*, 725 F. Supp. 3d 400, 431 (S.D.N.Y. 2024) (internal citations omitted). Here, Plaintiffs do not specify an official policy or custom. Instead, they just state that Defendants “failed to properly train, supervise and allocate appropriate resources to the defendant officers.” FAC at 13. Plaintiffs cannot rely on a singular “incident alone as evidence of a permanent and long-standing pattern.” *See Vasquez v. City of New York*, No. 20-CV-4641 (ER), 2023 WL 8551715, at *4 (S.D.N.Y. Dec. 11, 2023). Therefore, Plaintiffs’ *Monell* claim is dismissed.

## III. Plaintiffs’ Claims Against Defendant NYPD Should Be Dismissed

In addition to asserting claims against Defendant City of New York and the individual officers involved in the incident, Plaintiffs assert claims against NYPD. However, the NYPD is a non-suable agency of the City of New York. *See Gutierrez v. City of New York*, No. 15-cv-9907

(ALC), 2019 U.S. Dist. LEXIS 55091, at *12 (S.D.N.Y.) (citing *Jenkins v. City of New York*, 478 F.3d 76, 93 n. 19 (2d Cir. 2007)). Therefore, the claims against NYPD must be dismissed.

**CONCLUSION**

For the reasons outlined above, Defendant's Motion is **DENIED in part and GRANTED in part**. The Clerk of this Court is respectfully directed to terminate ECF No. 29. The Parties should file a joint status report with respect to settlement by October 21, 2026.

---

**SO ORDERED.**

**Dated:** **September 29, 2026**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**